SAMUEL, Judge.
Plaintiffs, as lessors, and defendant, as lessee, entered into a written lease of certain space to be used as a medical office in a building in the City of New Orleans. The lease was executed while the building was still under construction and provided that the interior walls or partitions within the leased area were to be arranged “as per plot plan submitted.” It also contained the following provisions:
“The Lessor shall install and efficiently operate during a Twelve (12)' hour period from 8:00 A.M. to 8:00 P.M. .daily except Sundays during the heating season an air conditioning system that will be efficient in operation. The Lessor shall also install and efficiently operate a heating system during the cooling season that will be efficient in operation. The Lessor shall not be responsible for nor required to furnish heating and air conditioning services on Sunday nor on Seven (7) additional legal holidays to be specified by Lessor to Lessee on or about each anniversary date of this lease.”
The defendant began using the premises on September 1, the initial day of the lease, and vacated the premises on the following April 8. Plaintiffs then instituted this suit, under the pertinent lease provisions, for the balance of the rent due for the full term of the lease, $3,773.00, plus attorney’s fees. Defendant answered alleging that he had vacated the premises because of lessors’ failure to adequately soundproof the walls and partitions within the office and to furnish adequate heating and air conditioning. Defendant also reconvened praying for the return of a note in the amount of $404.25 deposited by him with the plaintiffs as additional security for the lease. The trial court rendered judgment in favor of the defendant, rejecting plaintiffs’ demand at their cost and ordering the return of the note to the defendant.
Counsel' for plaintiffs argue that the defendant’s complaints as set out in his answer and under the evidence adduced at the trial do not justify a dissolution of the lease; that the lease itself makes no mention of soundproofing and evidence in connection therewith is inadmissible under the parole evidence rule; that proper ventilation was rendered impossible by additional insulation and doors put in by the defendant in an attempt to secure a relatively soundproof office; that plaintiffs had complied with the above quoted lease provision requiring air conditioning during the. warm months from 8 a. m. to 8 p. m. and that this 12 hour requirement did not apply to heating in cool or cold weather, the furnishing of heat during normal working hours, 8 a. m. to 6 p. m. as suggested by counsel, being a full compliance with lessor’s obligation relative to heating under the pertinent lease provision.
There is some question as to whether or not evidence relative to soundproofing is admissible. The lease makes no direct mention thereof. A plot plan was actually submitted and, as set out above, is mentioned in the lease. The plot plan was not offered in evidence; but it had been in the possession of plaintiffs and it did refer to soundproofing. However, we find it unnecessary to discuss either soundproofing or ventilation for the reason that we are of the opin *491 ion that this case must be decided in favor of the defendant on the questions of heating and air conditioning regardless of the conclusions reached on the questions of soundproofing and ventilation.
Testimony taken during the trial included that of the litigants, plaintiffs’ son who acted as their agent, a representative from the real estate office which handled the rentals, two architects, and three other tenants of the building.
The temperature of the premises leased by the defendant was controlled by a thermostat located in an adjacent unfinished office. That adjacent office was twice the size of the premises occupied by the defendant and was without insulation or ceiling, being open to the roof. Entry into this area required the use of a special key and, with the exception of one occasion, the defendant was unable to enter in order to adjust the thermostat controlling the temperature in his office. The heating and air conditioning equipment was controlled by an automatic switch.
The testimony of the defendant, those witnesses who were also tenants in the building, and to a limited extent even that of one of the plaintiffs, was to the effect that the air conditioning and heating of the defendant’s office and elsewhere were inadequate until corrected after the defendant vacated the premises. The automatic switch worked improperly so that on frequent occasions the air conditioning would be turned off before 8 p. m. and on some occasions, during the opposite season, the heating would be turned off before 6 p. m. At other times, during normal working hours between 8 a. m. and 6 p. m., the thermostat worked improperly and defendant’s office was either too hot or too cold.
The trial court found as a fact that the air conditioning was not furnished as required by the lease for the period between 8 a. m. and 8 p. m., that the defendant made numerous complaints about this situation and the plaintiffs did nothing to correct it. We agree with this finding of fact. We also feel that the defendant’s complaints about the heating and about neither heating nor air conditioning working properly even during normal working hours were justified. Plaintiffs violated their obligations under the lease.
The defendant is a psychiatrist who was frequently required to see his patients after their regular working hours and under more exacting conditions than is the usual case with the general practitioner. He lost patients as a result of the things about which he complains. He was subjected to much more than inconvenience and is entitled to the dissolution of the lease and the return of his note.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.